```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JANE DOE,                                        :
                                               Plaintiff,        :
                                                             :
                   -against-                              :
                                                              :         24-CV-8024 (VEC)
SEAN COMBS, DADDY'S HOUSE               :
RECORDINGS INC., CE OPCO, LLC d/b/a  :            ORDER
COMBS GLOBAL f/k/a COMBS ENTERPRISES :
LLC, BAD BOY ENTERTAINMENT            :
HOLDINGS, INC., BAD BOY PRODUCTIONS  :
HOLDINGS, INC., BAD BOY BOOKS          :
HOLDINGS, INC., BAD BOY RECORDS LLC, :
BAD BOY ENTERTAINMENT LLC, BAD BOY  :
PRODUCTIONS LLC, ORGANIZATIONAL     :
DOES 1-10, AND INDIVIDUAL DOES 1-10,  :
                                                             :
                                               Defendants.      :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 22, 2024, Plaintiff filed her Complaint against Defendants, *see* Dkt. 1;

       WHEREAS that same day, Plaintiff filed a motion for leave to appear anonymously, *see* Dkt. 13;

       WHEREAS "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant," *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008);

       WHEREAS courts in this Circuit consider several factors to decide whether a plaintiff may proceed anonymously, namely: "(1) 'whether the litigation involves matters that are highly sensitive and of a personal nature'; (2) 'whether identification poses a risk of retaliatory physical

or mental harm to the [plaintiff] or even more critically, to innocent non-parties'; (3) 'whether identification presents other harms'; (4) 'whether the plaintiff is particularly vulnerable . . ., particularly in light of [her] age'; (5) 'whether the suit is challenging the actions of the government or that of private parties'; (6) 'whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously'; (7) 'whether the plaintiff's identity has thus far been kept confidential'; (8) 'whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity'; (9) 'whether, because of the purely legal nature of the issues presented . . ., there is an atypically weak public interest in knowing the litigants' identities'; and (10) 'whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff,'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (quoting *Sealed Plaintiff*, 537 F.3d at 190);

WHEREAS Plaintiff has made a preliminary showing that her interest in anonymity outweighs the public interest in disclosure and prejudice to the Defendants due to, *inter alia*, the highly sensitive and personal nature of her allegations, the risk of retaliation, and the steps she has taken to keep her identity confidential, *see* Pl. Mem., Dkt. 15 at 4–9; and

WHEREAS Defendants have not been served and have not appeared in this case.

IT IS HEREBY ORDERED that Plaintiff's motion to appear anonymously is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall file a renewed motion to continue to proceed anonymously by not later than **30** days after service of the Complaint to provide Defendants an opportunity to respond to her motion. If Plaintiff fails to timely file this motion, the Court shall order the disclosure of her identity.

**SO ORDERED.**

Date:  October 24, 2024
       New York, New York

                                        **VALERIE CAPRONI**
                                        **United States District Judge**

3