UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Jane Doe,

               *Plaintiff*,                           No. 1:24-cv-08024-VEC

       v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, and
ORGANIZATIONAL DOES 1-10,

               *Defendants*.

-------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## <u>TO THE COMBS DEFENDANTS' MOTION TO DISMISS</u>

**CURIS LAW, PLLC**
Antigone Curis
52 Duane Street, 7th Floor
New York, New York 10007

Plaintiff JANE DOE ("Plaintiff"), by and through her undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to the Combs Defendants' motion to dismiss Plaintiff's Complaint pursuant to § 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

In 2022, Plaintiff, a young musical artist, was invited to a party in New York City hosted by Defendant Sean Combs. At that party, Plaintiff was drugged and then raped by Combs. Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to dismiss Plaintiff's complaint (Dkt. 1) on two grounds. First, the Combs Defendants assert that the Victims of Gender-Motivated Violence Law ("GMVL") cannot apply because the attack could not have happened in New York City. Second, they assert that Plaintiff has not adequately alleged a GMVL claim against the Company Defendants. For all the reasons below, the Motion fails.

## FACTUAL BACKGROUND

In or around December 2022, Plaintiff, a 29-year old musical artist who wrote, rapped, and produced music, was invited to party in New York City hosted by Defendant Sean Combs. Plaintiff was invited along with several of her friends, who also happened to be independent musicians.

Upon arrival, Plaintiff alleges observed a large, white, elegant residence, which stood apart from other homes in the area, and was accessed by a long, curved driveway. The house was lavish, featuring a grand entryway, spacious room, and a large glass table. Once inside, servers offered

platters of food and drinks, creating a luxurious and upscale setting. Plaintiff quickly noticed various celebrities from the music and entertainment industries, including Combs himself.

As Plaintiff mingled with other guests, she noticed the widespread use of drugs, including but not limited to cocaine, pills, and marijuana. Those employed by and working in conspiracy with Combs pressured all guests to consume the drugs that were being provided and served by the house staff. Plaintiff declined the repeated offers to consume anything illicit. Rather, Plaintiff drank only a single glass of wine.

At some point in the evening, Plaintiff was approached by Combs regarding her music career. Combs expressed interest in her work, stating that it was his desire to elevate her career by featuring her on a track. Combs then invited Plaintiff to his office, suggesting they discuss the advancement of her music career in private.

In the office, Plaintiff began feeling disoriented, as if she were slipping in and out of consciousness. It became clear to her at this time that she had been drugged by Combs. Due to the effect of her drugged drink, Combs raped and sexually assaulted Plaintiff. Plaintiff could not stop him from doing so, as if she was trapped inside her body but not participating, and unable to resist Combs' attack.

The next thing Plaintiff recalls is waking up at approximately 6:00AM, confused, disoriented, and in the same office where the assault had taken place. After checking herself, Plaintiff discovered blood on her legs and vaginal area, as well as bruising on her lips. She also found deep imprints on her arms and wrists, suggesting that she had been restrained with rope(s). Further, Plaintiff felt significant pain and soreness in her vaginal area.

Plaintiff was overwhelmed with fear and panic. She frantically began to search for her belongings, including her phone and clothes, but could not locate them. Instead, she discovered a

pair of pants, a shirt, and a pair of slides (sandals), which Plaintiff quickly put on before trying to escape. Eventually Plaintiff was able to leave the residence.

As the direct result, Plaintiff has suffered significant emotional distress and trauma. She continues to deal with psychological and emotional consequences of the assault.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

**A.    Defendants Cannot Say The Assault "Could Not" Have Occurred in New York City**

Defendants contend that the assault described in the Complaint "could not" have occurred in Manhattan because of Plaintiff's description of the house as large, white and separate from other residences.  Motion at 3-6.

It may be the case that the assault did not occur "in Manhattan" as pleaded in the Complaint.  It may be that Plaintiff's memory is unclear as to the appearance of the residence itself or as to the exact location of the residence.  Plaintiff, after all, was drugged and then forced to endure a tremendously traumatic experience, only to wake up the next day disoriented and

made to find secondhand clothes and shoes with which to make her escape. Defendants should not be allowed to use her potential disorientation or lapse in memory to have this case dismissed.

Defendants go on to describe three residences owned by Combs within Manhattan, none of which conform to Plaintiff's description. Motion at 6. However, Combs' ownership of the location of the assault makes no difference. Plaintiff does not, and does not need to, allege that it was *at Combs' house*, only that it was Combs' event and that he was present.

Defendants thereafter argue that the house most closely fits a description of a house in the Hamptons owned by Combs, which was the site of other assaults (pursued by Plaintiff's counsel on behalf of those victims). However, the fact that Combs' Hamptons house fits some aspects of Plaintiff's memory of the location also does not show that the assault actually occurred at Combs' house in the Hamptons. Plaintiff should not and cannot be held to Defendants' self-serving interpretation of her allegations.

Moreover, it is of no moment that no residence of Plaintiff's description may exist within Manhattan itself, as Plaintiff pleads. The Victims of Gender-Motivated Violence Law ("GMVL") applied to all five of New York City's boroughs. It is entirely possible that a house fitting Plaintiff's description exists within the five boroughs and was the scene of Combs' party and assault of Plaintiff.

In sum, it is inappropriate to dismiss the Complaint at this stage based on Defendants' self-serving interpretations of Plaintiff's allegations. If anything, discovery is required to help ascertain the exact location of Combs' assault of Plaintiff.

**B.    Plaintiff's Allegations Against the Company Defendants Are Sufficient At This Stage**

Here, the Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-7, 20, 24-30. Further, the Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct.

Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse, regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant." *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's

business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Complaint show a possibility that the Company Defendants may be liable for, at minimum, a failure to supervise. Defendants' motion must therefore be denied.

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety.

Dated: April 29, 2025

     Respectfully submitted,

**CURIS LAW, PLLC**

By: */s/ Antigone Curis*

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610