```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
JANE DOE,

                              Plaintiff,

        -against-

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT
HOLDINGS, INC., BAD BOY PRODUCTIONS
HOLDINGS, INC., BAD BOY BOOKS
HOLDINGS, INC., BAD BOY RECORDS LLC,
BAD BOY ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1-10, AND INDIVIDUAL DOES 1-10,

                             Defendants.
------------------------------------------------------------X

24-CV-8024 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

       On October 22, 2024, Plaintiff filed this lawsuit against Defendant Sean Combs and several related business entities (the "Organizational Defendants") alleging that Combs, conspiring with and enabled by the Organizational Defendants, committed a "crime of violence motivated by gender" against her as defined under the Victims of Gender-Motivated Violence Protection Act. *See* Compl., Dkt. 1. She moved for leave to appear anonymously. *See* Dkt. 13. On October 24, 2024, the Court preliminarily granted her request and ordered her to file a renewed motion after Defendants had been served. *See* Dkt. 18. On January 13, 2025, Plaintiff renewed her motion, which Defendants opposed. *See* Dkts. 25, 54. For the following reasons, Plaintiff's motion to proceed anonymously is DENIED.

**BACKGROUND**

Plaintiff accuses Combs of drugging and sexually assaulting her at a party he hosted in December 2022. *See* Compl. ¶¶ 35–48. Plaintiff's counsel avers that Plaintiff has kept her identity confidential through not speaking publicly about the alleged assault. *See* Buzbee Decl., Dkt. 26, ¶ 6; Pl. Mem., Dkt. 27, at 8.[1]

**DISCUSSION**

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to name all parties. Fed. R. Civ. P. 10(a). A plaintiff seeking to litigate under a pseudonym must rebut the presumption that parties must disclose their names. *See Doe v. Combs*, No. 1:24-CV-09852 (JLR), 2025 WL 934380, at *1 (S.D.N.Y. Mar. 27, 2025) (citations omitted).

When presented with a plaintiff's request to proceed under a pseudonym, courts in this Circuit consider the following factors to balance the plaintiff's interest in anonymity against the interests of the public and defendants in disclosure: (1) whether the litigation involves a "highly sensitive" and personal subject matter; (2) whether identification risks retaliation against or mental harm to the movant or a non-party; (3) whether identification will cause other harms and, if so, their severity; (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure," in particular due to her age; (5) whether the action challenges government or private action; (6) whether allowing the plaintiff to proceed anonymously would prejudice the defendants, the nature of that prejudice at the stage of the litigation, and possible measures to mitigate that prejudice; (7) whether the plaintiff has kept her identity confidential; (8) whether disclosure of the plaintiff's identity furthers the public's interest in the litigation; (9) whether the

---

[1] Plaintiff has not herself submitted an affidavit in this case, and the declaration of Plaintiff's counsel (who wrongfully appeared in this case without having been admitted *pro hac vice*) was not submitted under penalty of perjury.

2

public interest in disclosure is weak due to the purely legal nature of the issues present; and (10) whether alternative mechanisms are available to protect the plaintiff's confidentiality. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). A "court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

This lawsuit is one of many filed against Combs and the Organizational Defendants in this District; every court that has considered plaintiffs' motions to proceed anonymously has rejected the requests. *See Doe v. Combs*, No. 24-CV-7974 (JMF), 2025 WL 1132305, at *1 (S.D.N.Y. Apr. 8, 2025) (collecting seven other cases denying requests to proceed anonymously); *Doe v. Combs*, No. 24 CIV. 7776 (NRB), 2025 WL 1079038, at *1 (S.D.N.Y. Apr. 9, 2025).

For many of the same reasons expressed by the other courts in this District, Plaintiff has not carried her burden to proceed anonymously.

## I. The Highly Sensitive and Personal Nature of Plaintiff's Claims and Her Efforts to Remain Confidential Weigh in Favor of Anonymity

The first and seventh factors weigh in favor of allowing Plaintiff to proceed under a pseudonym. Plaintiff's allegation that she was sexually assaulted is the "paradigmatic example[]" of a highly sensitive and personal claim. *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021). The seventh factor (whether Plaintiff's identity has been kept confidential) also weighs in favor of anonymity. Nothing in the record contradicts her counsel's claim that she "has not spoken publicly about the incidents that underlie the causes of action in her Complaint." Buzbee Decl. ¶ 6.[2]

---

[2] Although there is no countervailing evidence, it would obviously have been more persuasive for Plaintiff herself to have represented, under penalty of perjury, that she has not spoken publicly about the underlying incident.

Defendants' protestation that Plaintiff's *counsel* has engaged in a publicity campaign regarding the claims he has brought against Defendants is inapposite to the question of whether *Plaintiff's* identity is confidential. See *Combs*, 2025 WL 934380, at *2. Additionally, Defendants' reliance on *Rapp* for the proposition that, even if Plaintiff has not spoken publicly about her claims, it is possible she has privately discussed the incident without assurances of confidentiality is misplaced; in *Rapp*, the record indicated that the plaintiff had divulged his identity to a magazine website and had spoken to an unknown number of people about his claims over a three-decade period. 537 F. Supp. 3d at 529. In comparison, Defendants' contention that Plaintiff may have spoken privately about the alleged incident is pure speculation. See *Combs*, 2025 WL 934380, at *2.

## II. The Factors Regarding Risk of Harm Weigh Against Anonymity

The second, third, and fourth factors (risk of harm to Plaintiff or third parties, risk of other harms, and whether the Plaintiff is a particularly vulnerable party) weigh against anonymity. Plaintiff argues that she fears violence in retribution for filing suit because Combs has allegedly threatened others who have sued him. See Buzbee Decl. ¶ 4 (estimating that over 160 clients have told Plaintiff's counsel that Combs threatened them); Pl. Reply. Mem., Dkt. 62, at 3 and Ex. A (affidavit by another individual suing Combs stating that he received a threatening phone call). Absent from Plaintiff's submission is any indication that Combs has threatened her. Without any showing of any present threat to herself, she is speculating that she may be harmed because others say they have been threatened. That speculative risk of harm does not weigh in her favor relative to whether she should be allowed to proceed anonymously. See *Doe v. Combs*, No. 24-CV-8054 (MKV), 2024 WL 4635309, at *2 (S.D.N.Y. Oct. 30, 2024), *reconsideration denied*, No. 24-CV-8054 (MKV), 2024 WL 4753565 (S.D.N.Y. Nov. 12, 2024) (citing *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)); *see also Combs*, 2025 WL

4

934380, at *3 ("Courts have found a real risk of harm when, for example, there is a history of substantiated prior action directed at *plaintiff(s)* from *defendant(s)*." (cleaned up)).

Plaintiff further claims that she will suffer mental harm from reliving her trauma through having her experiences play out in a public forum, especially because this case will likely attract substantial media attention. Pl. Mem. at 6 (citing *Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008)). But "'conclusory statements and speculation' about mental harm to Plaintiff are insufficient" to support her request to proceed anonymously. *Combs*, 2024 WL 4635309, at *3 (quoting *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406).

Finally, when considering whether a plaintiff is particularly vulnerable to harm from being identified, the most critical consideration is the plaintiff's age. *See Combs*, 2025 WL 934380, at *4. In this case, Plaintiff is an adult and was an adult at the time of the alleged assault. Compl. ¶ 35. She offers no evidence from which the Court could infer that she is any more vulnerable than any other adult.

### III. The Public Interest Factors Weigh Against Anonymity

Factors five, eight, and nine (whether the suit challenges government or private action, whether disclosure furthers the public interest, and whether the public's interest is atypically weak) cut somewhat against granting Plaintiff anonymity. On the one hand, "while the public has a generalized interest in knowing who is seeking relief in its courts, the public has a stronger — and more particularized — interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes." *Doe v. Kimmel*, No. 24-CV-3201 (JMF), 2024 WL 3184209, at *1 (S.D.N.Y. June 26, 2024) (citation omitted). On the other hand, because this lawsuit challenges actions by a private party and presents factual questions surrounding Combs's alleged sexual assault, there are significant public interests in an accused being able to confront an accuser and in open judicial proceedings to ensure public

confidence in fact-finding. *Combs*, 2025 WL 934380, at *4. Those interests are further magnified where, as here, allegations are brought against a public figure. *Id.* In short, the public interest factors weigh against permitting Plaintiff to proceed anonymously.

### IV. Anonymity Would Prejudice Defendants

The Court agrees with Defendants that the sixth factor (whether allowing the plaintiff to proceed anonymously would prejudice the defendants at this stage of the litigation) weighs against anonymity. The Court concurs with Defendants that they likely will encounter difficulties in conducting discovery and will suffer reputational damage if Plaintiff were allowed to proceed anonymously. *Combs*, 2024 WL 4635309, at *4. Permitting only one party to proceed anonymously creates an "asymmetry in fact-gathering" that is more profound in high-profile cases involving substantial publicity, as derogatory information unknown to Plaintiff about Defendants may come to light due to publicity about the case, but derogatory information unknown to Defendants about Plaintiff will likely not come to light if her identity is not known. *Combs*, 2025 WL 934380, at *5 (citation omitted). The difficulties Defendants would face in investigating Plaintiff's claims and the imbalance in reputational risk weigh against allowing Plaintiff to proceed anonymously.

### V. Other Mechanisms Can Protect Plaintiff's Confidentiality

Defendants are willing to enter a protective order to protect confidential information that will be exchanged in discovery. Def. Mem., Dkt. 54, at 15. Although a protective order "will not fully alleviate Plaintiff's concerns, it does provide some protection over disclosure of sensitive information exchanged during discovery." *Combs*, 2025 WL 934380, at *5 (citation omitted). The tenth factor concerning whether alternative mechanisms can protect Plaintiff's confidentiality, therefore, weighs slightly against anonymity.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for the leave to proceed anonymously is DENIED. Although Plaintiff's lawsuit involves a highly sensitive and personal subject matter and her identity has heretofore apparently remained secret, the remaining *Sealed Plaintiff* factors weigh against anonymity. Plaintiff's showing of risk of harm is too speculative, and the prejudice to Defendants too great, to allow her to proceed anonymously. The public interest factors and the availability of another mechanism to provide protection of sensitive information further buttress the conclusion that Plaintiff has not rebutted the presumption that her identity must be disclosed.

By Wednesday, May 28, 2025, Plaintiff must refile the Complaint in her own name.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 25.

**SO ORDERED.**

**Date: May 13, 2025**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**