UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SHANTE KELLY,

           *Plaintiff*,                          No. 1:24-cv-08024-VEC

      v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS    **AMENDED COMPLAINT**
INC., CE OPCO, LLC d/b/a COMBS GLOBAL       **AND DEMAND FOR**
f/k/a COMBS ENTERPRISES LLC,                        **JURY TRIAL**
BAD BOY ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC,
ORGANIZATIONAL DOES 1-10, AND INDIVIDUAL
DOES 1-10

           *Defendants*.

---------------------------------------------------------X

Plaintiff Shante Kelly ("Plaintiff"), by and through her attorneys, her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff was drugged and raped by Combs at house party in Manhattan hosted by Combs. Those in attendance included Combs himself and other celebrities. The conduct described herein is shockingly typical of how Defendant Sean Combs conducted himself for many years. Many individuals and entities facilitated and conspired with this abhorrent conduct. Sean Combs believed he was above the law. He is not.

2. For decades, Sean Combs (a/k/a "P. Diddy," a/k/a "Puff Daddy," a/k/a "Diddy," a/k/a "PD," and a/k/a "Love") (described herein as "Combs") abused, molested, raped, assaulted, threatened and coerced men, women, minors and others for sexual gratification, to assert

dominance, and to conceal his abhorrent conduct. He accomplished these acts by and through a criminal enterprise built on his success as a rapper, record producer and record executive. Combs is one of the wealthiest musical artists in the world. Behind the façade of being a three-time Grammy Award winner, discovering and developing multiple famous musical artists, and ranking on Forbes' list of the highest-paid entertainers in the world, there existed something sinister – a dark underbelly of crime, sex trafficking, forced labor, kidnapping, bribery and prostitution. Combs is a menace to society, women and children. While his wealth has kept him above consequence for years, Combs now faces the awesome power of the American judicial system and ultimately a jury of his peers, who will be asked to punish him for the deplorable conduct described herein.

*Combs' Businesses*

3.  Combs' business enterprise is central to the pervasive acts of sexual assault and abuse committed by him during the last decades. Combs operated his business, headquartered at various times in Manhattan and Los Angeles, under a variety of United States-based corporate entities, including Bad Boy Entertainment, Bad Boy Books Holdings, Inc., , Bad Boy Entertainment, LLC, Bad Boy Productions, LLC, Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC, Combs Enterprises and Combs Global (collectively, the "Combs Business"). Corporate entities in the Combs Business portfolio included record labels, a recording studio, an apparel line, an alcoholic spirits promoting business, a marketing agency, talent discovery, a television network and a media company.

4.  On the surface, each of these businesses served a legitimate purpose related to entertainment, music and other subjects. But in reality, Combs, by and through himself and his agents, employees and contractors, used these businesses to sexually assault, abuse, threaten and

coerce hundreds of individuals through sexual *quid pro quo* schemes, as well as to take advantage of individuals with impunity thinking the victims would never seek recourse. Combs and his agents, employees and contractors, through these Combs Businesses, would tell victims, "this is what it takes to be famous," "what are you willing to do to become a star?," and "perform this sexual act or else" to coerce the victim into performing a non-consensual sexual act for the gratification of Combs and his cohorts.

5. Members and associates of the Combs Business engaged in (and/or attempted to engage in), among other activities, sex trafficking, forced labor, interstate transportation for the purposes of prostitution, coercion and enticement to engage in prostitution, narcotics offenses, kidnapping, arson, bribery, and obstruction of justice.

6. The Combs Business constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Combs.

*Combs' Pervasive History of Sexual Assault and Violence*

7. For years Combs and his businesses engaged in a persistent and pervasive pattern of abuse toward women, men, and minors. This abuse was, at times, verbal, emotional, physical and sexual. As part of his pattern of abuse, Combs manipulated both men and women to participate in highly-orchestrated performances of sexual activity with both commercial sex workers and unsuspecting partygoers. In some cases these were individuals who were contractors or vendors. In other cases, they were random individuals pulled from a hotel lobby, a show, or off the street. Combs ensured participation from these individuals by, among other things, obtaining and distributing narcotics to them with or without their knowledge, controlling their careers, leveraging his financial support and threatening to cut off the same, and using intimidation, violence, and illicit drugs.

8. Combs, while celebrated for his business acumen and influence in the entertainment world, has often been described in a more troubling light as powerful, manipulative, and problematic. His aggressive tactics, both in business and personal dealings, have drawn criticism, with many viewing him as someone who leverages his power to intimidate and control. This darker side of Combs' persona has been underscored by the numerous lawsuits and allegations that have surfaced over the years. Despite his undeniable success, his rise to the top is marred by a reputation for being ruthless and manipulative, using his influence in ways that have left a trail of legal and personal controversies including but not limited to the following:

    a. Nightclub Shooting Incident (1999): Combs was embroiled in a high-profile case related to a nightclub shooting in New York, involving his then-girlfriend, Jennifer Lopez, and rapper Shyne. Combs was acquitted of all charges, though the case remains a significant legal event in his career.

    b. Multiple Assault Allegations: Combs has faced several lawsuits related to alleged physical assaults, many of which have been settled out of court.

    c. Business Disputes: Combs has been involved in various business-related legal conflicts, particularly surrounding his Sean John clothing line and other ventures. These disputes often involved contractual disagreements and trademark claims.

    d. Claims by Cassie Ventura: Combs' former girlfriend, Casandra "Cassie" Ventura, filed a lawsuit accusing him of years of physical, emotional, and sexual abuse during their relationship. Cassie alleged repeated instances of assault, coerced sexual acts, and drug use, all contributing to an environment of fear and manipulation.

9. Combs particularly fancied the use of the popular date-rape drug Rohypnol, or GHB, to commit heinous non-consensual acts of sexual violence and rape onto countless victims. Combs often would secretly use the drug in an alcoholic beverage served at his parties, typically champagne or "lemon drops." Partygoers were forced to consume the alcoholic beverage, containing GHB, either prior to entering or while at Combs' party. There are also allegations of Combs dousing victims in lotions or similar body oils, also laced with GHB, so that the drug would be absorbed through the victim's skin and make it easier to assault him or her.

10. Combs' recurrent and pervasive physical abuse took place for multiple decades. His tendencies of violence and sexual assault were no doubt well known amongst his colleagues, employees, agents and businesses. On numerous occasions from at least on or about 1996 and continuing for years, Combs assaulted women and men by striking, punching, dragging, throwing objects at, and kicking them. Combs also assaulted children both physically and sexually.

11. In 1996, Combs was found guilty of criminal mischief for threatening a photographer from the New York *Post* with a gun. In 1999, he was arrested and charged with second-degree assault and criminal mischief in connection with assaulting a record executive. Combs was arrested again the same year for his involvement in a shooting at a club in New York. Another instance of violence occurred at a Los Angeles hotel in or about March 2016, which was captured on video and later publicly reported, where Combs kicked, dragged and threw a vase at a woman as she was attempting to leave his hotel room. When hotel security staff intervened, Combs attempted to bribe the staff member to ensure silence.

12. In the past year, numerous civil complaints have been filed by plaintiffs who allege that they had been sexually abused by Combs between 1991 and 2009. In November 2023, three lawsuits were filed against Combs under the New York Adult Survivors Act. Cassie Ventura, an

artist signed to Bad Boy, sued Combs in New York for rape and physical abuse. She alleged Combs facilitated these acts by and through supplying Ms. Ventura with copious amounts of drugs and urging her to take them, beginning in 2006.

13. Joi Dickerson-Neal also sued Combs in New York, alleging Combs drugged her, sexually assaulted her and secretly recorded the assault in 1991.

14. Liza Gardner, whom Combs met at an event hosted by a record label affiliated with Bad Boy, sued him for allegedly raping her and a friend in 1990 or 1991 when she was only 16.

15. In December 2023, an anonymous Plaintiff sued Combs in New York for allegedly drugging and gang-raping her in 2003 when she was only seventeen years old. This victim alleged that employees and business associates of Combs, through their affiliation with the Bad Boy enterprise, lured her to Combs' home where Combs then raped her.

16. In February 2024, Rodney "Lil Rod" Jones, one of Combs' former producers, sued Combs for allegedly forcing him to engage in unwanted sex acts and sex trafficking, among other allegations. Mr. Jones alleged that Combs regularly drugged others, including minors, by giving them drugs laced with ecstasy (MDMA) and other date rape drugs. Mr. Jones alleged that Combs in fact drugged him as well in order to commit acts of sexual assault.

17. In May 2024, former model Crystal McKinney and April Lampros sued Combs. Ms. McKinney alleged that Combs drugged and sexually assaulted her at his recording studio in 2003. Mimicking what has now become a known pattern, Combs promised Ms. McKinney to help her with her modeling career in exchange for engaging in sexual conduct with him. Ms. Lampros, an intern at Arista Records, which was an owner of Bad Boy, also sued Combs in May 2024 in New York County Supreme Court for raping her on multiple occasions, secretly filming these acts,

and showing the recordings to multiple people. Ms. Lampros also alleges that Combs ordered her to take drugs on one occasion before he raped her.

18. In July 2024, former adult film star Adria English – who was employed by Combs as an entertainer at his infamous White Parties that brought together the biggest names in the music and entertainment industries – sued Combs in the Southern District of New York for sex trafficking, alleging that he required her to consume drinks laced with ecstasy and secretly recorded the sexual acts.

19. In September 2024, singer and songwriter Dawn Angelique Richard also sued Combs. Richard was employed by Combs as part of the girl group Danity Kane, formed by Combs, and later as a key member of Combs' band Diddy – Dirty Money. She sued Combs in New York for sexual assault, false imprisonment, and for subjecting her to hostile working conditions due to her gender, including degrading comments and threats. Ms. Richard has alleged that Combs regularly supplied others including minors with copious amounts of drugs and alcohol, and subjected them to sexual acts while they were sedated and/or unconscious due to the drugs and alcohol.

20. In September 2024, a federal grand jury in Manhattan indicted Combs and charged him with sex trafficking, racketeering and the "creation of a criminal enterprise in which he abused, threatened and coerced women and others around him to fulfill his sexual desires, protect his reputation and conceal his conduct." *See United States of America v. Sean Combs, a/k/a "Puff Daddy," a/k/a "P. Diddy," a/k/a "Diddy," a/k/a "PD," a/k/a "Love,"* Index No. 24 Crim. 542, Indictment (SDNY), at ¶ 1. The indictment explains that Combs' abuse of women and minors was enabled and conspired with by "the employees, resources and influence of the multi-faceted business empire that he led and controlled – creating a criminal enterprise whose members and

associates engaged in, and attempted to engage in, among other crimes, sex-trafficking, forced labor, kidnapping, arson, bribery and obstruction of justice."

21. Combs' long history of violence unequivocally establishes that his actions are motivated by gender – both men and women. Combs has a profound contempt for women and a desire to dominate both minors and other men. His conduct shows a longstanding practice of denigrating, defeating and attempting to humiliate men, women and children. His practices and desires are different for men, women and children. But his actions are unequivocally motivated by the victims' particular gender and age.

22. Plaintiff's allegations herein substantially mirror Combs' prior conduct as established through criminal indictments and other lawsuits. Through this case, Plaintiff seeks a full measure of justice from a man who thought his power, money and influence rendered him untouchable. Plaintiff joins many other victims by filing this Complaint in hopes their common voice makes it impossible for Combs to assault another person ever again.

**PARTIES**

23. Plaintiff Shante Kelly is a female who resides in North Carolina.

24. Defendant Sean Combs is a male who, on information and belief, resides in New York City, and who is otherwise currently incarcerated in the Metropolitan Detention Center in Brooklyn. On information and belief, at all relevant times Combs owned and/or controlled Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions LLC, (collectively "Bad Boy"), Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC (all together, the "Combs Corporations"). The facts of Combs' ownership and titles at the Combs Corporations enabled and conspired with him to commit the unlawful sexual violence

against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the sexual assault.

25. Defendant Daddy's House Recordings, Inc. ("Daddy's House") is a domestic business corporation that is incorporated in New York and on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019. At the time of the events alleged herein, Daddy's House was a world-class recording studio owned by Combs located at 321 W 44th Street, Suite 201, New York, New York 10036. On information and belief, at all relevant times, Bad Boy and Combs together owned and operated Daddy's House. On information and belief, the Bad Boy recording studio was located on the premises of Daddy's House. Combs used the Daddy's House brand, stature and their ownership and titles at Daddy's House to commit the unlawful sexual violence against Plaintiff described herein.

26. Defendant CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC ("Combs Global") is a limited liability company incorporated in Delaware that has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. On information and belief, all members of Combs Global are citizens of Delaware, New York, and/or California. On information and belief, Combs Global is an alter ego for Combs and/or a successor in interest to Combs' other corporations and/or was established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability. Combs Global currently owns, controls, and/or oversees Bad Boy and Combs' other business ventures in the music, fashion, fragrance, beverage, marketing, film, television, and media industries.

27. As part of his renowned Bad Boy record label and brand, Combs has established several corporate entities under the "Bad Boy" name over the past few decades, including but not limited to Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (together, "Bad Boy"). On information and belief, all Bad Boy corporate entities are alter egos for Combs, are controlled and/or directed by Combs, and/or were established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability. On information and belief, all active Bad Boy entities are now owned and/or controlled by Combs and/or by Combs Global. Combs used the Bad Boy premises/recording studio and their ownership and titles at Bad Boy to commit the unlawful sexual violence against Plaintiff described herein and/or to harass and subsequently intimidate him into silence after the sexual assault.

   a. Defendant Bad Boy Entertainment Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West Hollywood, California 90069. Bad Boy Entertainment Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019.

   b. Defendant Bad Boy Productions Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 9255 Sunset Boulevard, 2nd Floor, West

   Hollywood, California 90069. Bad Boy Productions Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. Combs is listed as the CEO in public filings, with a listed address of 1710 Broadway, New York, New York 10019.

c. Defendant Bad Boy Books Holdings, Inc. is a domestic business corporation incorporated in New York, that on information and belief now has its principal place of business at 1440 Broadway, 3rd Floor, New York, New York 10018. Bad Boy Books Holdings, Inc. is part of the Bad Boy enterprise founded and owned by Combs, and on information and belief is now owned and/or controlled by Combs and/or by Combs Global. The CEO listed on public filings is Eddie Norward Jr., with a listed address of 1710 Broadway, New York, New York 10019, the same address listed for Sean Combs in public filings for Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., and Daddy's House Recordings, Inc.

d. .

e. Defendant Bad Boy Entertainment LLC is a New York limited liability company that on information and belief is headquartered in New York and/or California. On information and belief, all members of Bad Boy Entertainment LLC are citizens of New York and/or California. Bad Boy Entertainment LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Entertainment LLC is now owned

      and/or controlled by Bad Boy Entertainment Holdings, Inc. and/or by Combs, and/or by Combs Global.

   f. Defendant Bad Boy Productions LLC is a New York limited liability company that on information and belief is headquartered in New York and/or California. On information and belief, all members of Bad Boy Productions LLC are citizens of New York and/or California. Bad Boy Productions LLC is part of the Bad Boy enterprise and/or a successor-in-interest to other Bad Boy Defendants that comprise the Bad Boy enterprise founded and owned by Combs. On information and belief, Bad Boy Productions LLC is now owned and/or controlled by Combs and/or by Combs Global.

  28. Defendants Organizational Does 1-10 are currently unknown entities who were owned by and/or employed Defendant Combs and enabled and conspired with the commission of the conduct complained of herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these entities by name.

  29. Defendants Individual Does 1-10 are celebrities and/or persons of interest who enabled and/or conspired with the commission of the conduct complained of herein. As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individuals by name.

  30. Each of the Combs Corporations (a) aided and abetted Combs in committing the unlawful sexual violence against Plaintiff described herein, (b) are alter egos for Combs, completely dominated by him and used for his personal interests and to engage in wrongdoing which harmed Plaintiff and others, and/or (c) serve or have served as vehicles for Combs to move,

dispose of, and/or insulate his assets, including in connection with his criminal activities and to avoid compensating the victims of his many crimes, including Plaintiff.

## JURISDICTION AND VENUE

31. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because this case is between citizens of different states, and the amount in controversy exceeds $75,000.

32. This Court has specific personal jurisdiction over Defendants because the acts giving rise to Plaintiff's claims took place in New York State, and because several of the Defendants are domiciled in New York State and/or regularly transact business in New York State.

33. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the assault of Plaintiff.

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

35. On or around December 2022, Plaintiff, a 29-year-old independent music artist who wrote, sang, rapped, and produced music, was invited to a party in New York City hosted by Combs.

36. Plaintiff was invited along with several of her friends, also independent musicians.

37. Upon arrival, Plaintiff observed a large, white, elegant residence, which stood apart from other homes in the area, and was accessed by a long, curved driveway. The house was adorned with lavish decor, featuring a grand entryway, a spacious room, and a large glass table.

38. Once inside, servers offered platters of food and drinks, creating a luxurious and upscale atmosphere. Plaintiff quickly recognized various celebrities from the music industry and television, including Combs himself.

39. As Plaintiff mingled with other guests, she noticed the widespread use of drugs, including cocaine, pills, and marijuana. Those employed and working in conspiracy with Combs pressured all guests to consume the drugs that were being provided and served by the house staff. Plaintiff declined the repeated offers.

40. That evening, Plaintiff drank a single glass of wine, consuming no other substances.

41. At some point during the event, Plaintiff was approached by and engaged in a conversation with Combs about her music career. Combs expressed interest in her work, stating his desire to help elevate her career by featuring her on a track.

42. Combs advanced the interaction by inviting Plaintiff to his office, suggesting they discuss the advancement of her music career in private.

43. After arriving in the office, Plaintiff began feeling disoriented, as if she were slipping in and out of consciousness. It became clear to her at this time that she had been drugged by Combs. A photograph of an actual exemplary container used by Combs and/or his agents/employees to insert GHB into alcoholic drinks is seen below:

 

44. Due to the effects of her drugged drink, Combs raped and sexually assaulted Plaintiff. Plaintiff could not stop him from doing so, as if she was trapped inside her body not participating but not able to resist.

45. The next thing Plaintiff clearly remembers is waking up around 6:00 AM, confused and disoriented, in the same office where the assault took place.

46. After checking herself, Plaintiff discovered blood on her legs from her vaginal area, and bruising on her lips. She also found deep imprints on her arms and wrists, suggesting she had been tied with ropes. Additionally, she felt significant pain and soreness in her vaginal region.

47. Overwhelmed with fear and panic, Plaintiff frantically searched for her belongings, including her phone and clothes, but could not find them. Instead, she discovered a pair of pants, a shirt, and slides which she quickly put on before trying to escape. Plaintiff eventually left the residence.

---

[1] A picture of a vial recovered from a Combs cohort presumably containing illicit drugs.

48. As a result of this incident, Plaintiff has suffered significant emotional distress and trauma. She continues to deal with the psychological and emotional consequences of the assault.

### FIRST CAUSE OF ACTION
### (Violation of New York City Victims of Gender-Motivated Violence Protection Act)
### (All Defendants)

49. Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

50. By forcing sexual contact onto Plaintiff, Defendant Combs committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in New York City Administrative Code § 10-1103.

51. The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant Combs forced Plaintiff to engage in a sexual interaction without consent. Moreover, Combs' long history of violence and sexual abuse against women evinces a deep contempt and desire for domination over women.

52. The Combs Business enabled and conspired with Combs to commit the crime of violence motivated by gender because Combs sexually assaulted Plaintiff at a party related to or referencing Combs Business. On information and belief, Combs Businesses routinely committed sexual assault and gender-motivated violence, as detailed in other civil lawsuits, to further the business purpose of Combs' enterprise. Given Combs' long-standing pattern and practice of committing sexual violence against young men, the Combs Business had and/or should have had knowledge of Combs using such parties and venues for this unlawful conduct and did nothing to stop it.

53. The Combs Business enabled and conspired with Combs to commit the crime of violence motivated by gender by failing to, among other things, protect Plaintiff from a known danger and/or have sufficient policies and procedures in place to prevent sexual assault and/or train their employees on identifying and preventing sexual assault. Given Combs' long-standing pattern and practice of committing sexual violence against young men, including on premises owned and/or operated by Defendants, the Combs Corporations had and/or should have had knowledge that Combs was a danger to Plaintiff, and did nothing to stop Combs.

54. The Combs Business enabled and conspired with Combs to commit the crime of violence motivated by gender by failing to properly supervise. The Combs Business had knowledge and/or should have had knowledge of Combs' widespread and well-known practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Defendants, and did nothing to stop it.

55. The Combs Corporations further enabled and conspired with Combs to commit the crime of violence motivated by gender by actively placing, maintaining, and/or employing Combs in positions of power and authority, despite the fact that they knew and/or should have known that Combs had a widespread and well-known practice of committing sexual assault and gender-motivated violence, including on premises owned and/or operated by Defendants. Combs used his titles and authority conferred by the Combs Business, including as CEO, Founder, and Chairman to facilitate and perpetuate the violent assault on Plaintiff, and to intimidate and force Plaintiff to keep quiet in subsequent years.

56. On information and belief, Plaintiff alleges that Defendant Organizational Does 1 through 10, inclusive, are other parties not yet identified who have enabled and conspired with

Combs to commit the crime of violence motivated by gender, in the ways articulated above and/or in other ways.

57. On information and belief, Plaintiff alleges that Defendants Individual Does 1 through 10, inclusive, are other parties not yet identified who have enabled and conspired with Combs to commit the crime of violence motivated by gender, in the ways articulated above and/or in other ways.

58. As a result of Defendants' actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

59. This legal action has been commenced within the statutory timeframe provided by the two-year look-back window for VGMVPA claims. *See* New York City Administrative Code § 10-1105.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

   a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

   b. Awarding punitive damages in an amount to be determined at trial;

   c. Awarding attorneys' fees and costs pursuant to any applicable statute or law;

   d. Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

   e. Attaching any and all of Defendants' real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

f.  Awarding such other and further relief as this Court may deem just and proper.

Dated:  May 28, 2025

    Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ David C. Fortney*
David C. Fortney
Texas Bar No. 24068740
dfortney@txattorneys.com
Thomas Colby Holler
Texas Bar No. 24126898
choller@txattorneys.com
Lionel Sims III
Texas Bar No. 24107465
lsims@txattorneys.com
Crystal Del Toro
Texas Bar No. 24090070
cdeltoro@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

*Attorneys for Plaintiff Shante Kelly*

-   AND  -

**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

-   AND  -

**CURIS LAW, PLLC**
Antigone Curis
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610
