**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
SHANTE KELLY,                                       :
                                                    :
                Plaintiff,     :
                                                    :
          v.                                :   Case No. 24-CV-08024 (VEC)
                                                    :
SEAN COMBS, DADDY'S HOUSE                           :   **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a                 :
COMBS GLOBAL f/k/a COMBS ENTERPRISES                :
LLC, BAD BOY ENTERTAINMENT HOLDINGS,                :
INC., BAD BOY PRODUCTIONS HOLDINGS,                 :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD             :
BOY RECORDS LLC, BAD BOY                            :
ENTERTAINMENT LLC, BAD BOY                          :
PRODUCTIONS LLC, and ORGANIZATIONAL                 :
DOES 1-10.                                          :
                                                    :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO DISMISS THE COMPLAINT AGAINST**
<u>**THE COMBS DEFENDANTS**</u>

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I.   PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THERE IS NO PLAUSIBLE ALLEGATION THAT THE CONDUCT OCCURRED WITHIN NEW YORK CITY ........................................................................................................................... 2

II.  THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY ............................................................................................... 4

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 3, 5

*Bussey v. Phillips*,
  419 F. Supp. 2d 569 (S.D.N.Y. 2006) ...................................................................................... 4

*DiPizio v. Empire State Dev. Corp.*,
  745 Fed. App'x 385 (2d Cir. 2018) .......................................................................................... 5

*Doe v. Rees*,
  2025 WL 641467 (N.D.N.Y. Feb. 27, 2025) ............................................................................ 3

*Doe v. Rees*,
  2025 WL 834786 (N.D.N.Y. Mar. 17, 2025) ........................................................................... 2

*Glob. Enter. Grp. Holding, S.A. v. Ottimo*,
  2010 WL 11629556 (E.D.N.Y. June 8, 2010) ......................................................................... 3

*Greer v. Fox Corp.*,
  2022 WL 4093155 (S.D.N.Y. Sept. 7, 2022) ........................................................................... 4

*Melendez v. Sirius XM Radio, Inc.*,
  50 F.4th 294 (2d Cir. 2022) ..................................................................................................... 3

*O'Rear v. Diaz*,
  2025 WL 283169 (S.D.N.Y. Jan. 23, 2025) ............................................................................. 5

*Podany v. Robertson Stephens, Inc.*,
  350 F. Supp. 2d 375 (S.D.N.Y. 2004) ...................................................................................... 4

*Quirk v. Katz*,
  2022 WL 4226124 (S.D.N.Y. Sept. 13, 2022) ......................................................................... 4

*Wallace v. N.Y.C. Dep't of Corr.*,
  1996 WL 586797 (E.D.N.Y. Oct. 9, 1996) .............................................................................. 3

**Other Authorities**

N.Y.C. Admin. Code § 10-1104 ................................................................................................. 4, 5

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint. This motion to dismiss was initially filed against the Complaint (ECF #1), which was amended for the sole purpose of disclosing Plaintiff's name following the denial of her motion to proceed under a pseudonym. *See* ECF #71 ("First Amended Complaint" or "FAC"). The Combs Defendants respectfully request that the Court apply this pending motion to dismiss to the otherwise identical First Amended Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in her opposition brief (ECF #69, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's claim fails because the GMVL does not apply to "crimes of violence" that occurred outside of New York City. Plaintiff does not even attempt to defend the Complaint's impossible allegation that the alleged assault occurred at a secluded mansion in "Manhattan." Instead, Plaintiff admits that she has no idea where the alleged assault occurred, and argues that it is therefore theoretically possible that it occurred in one of the outer boroughs of New York City. Therefore, Plaintiff effectively concedes that she has not and cannot plausibly allege with any degree of certainty that she was injured in New York City, which is a necessary element of a GMVL claim.

Plaintiff's GMVL claims against the Company Defendants fail for the additional reason that no basis for liability against them has been pled. The Opposition fails to identify any allegations of involvement in the alleged assault by the Company Defendants that could render

---

[1] Abbreviations defined in the initial moving brief (ECF # 57, "MOL") are used again herein.

1

them liable under the GMVL.

## ARGUMENT

I. **PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THERE IS NO PLAUSIBLE ALLEGATION THAT THE CONDUCT OCCURRED WITHIN NEW YORK CITY**

Plaintiff's GMLV claim necessarily fails because Plaintiff has not made any plausible allegations that the alleged conduct occurred in New York City, which is a threshold jurisdictional requirement to state a GMVL claim. *See* MOL § I; *see also Doe v. Rees*, 2025 WL 834786, at *8 (N.D.N.Y. Mar. 17, 2025) (dismissing GMVL claim because "the NYC Code applies only to acts occurring within the boundaries of New York City. None of Defendants' alleged conduct occurred in New York City . . .") (internal quotation marks and citation omitted).

Plaintiff essentially admits the falsity of her impossible allegation that the alleged assault—at a large secluded residence with a winding driveway—occurred in "Manhattan." *See* Opp. at 4 ("It may be the case that the assault did not occur 'in Manhattan' as pleaded in the Complaint."). She does not attempt to dispute that no such property in Manhattan exists. *Id.* at 5 ("[I]t is of no moment that no residence of Plaintiff's description may exist within Manhattan itself").

Instead, Plaintiff asserts that she does not know where the alleged assault occurred, and therefore it is theoretically possible that it occurred in one of New York City's outer boroughs. *Id.* at 5 ("It is ***entirely possible*** that a house fitting Plaintiff's description exists within the five boroughs and was the scene of Combs' party and assault of Plaintiff.") (emphasis added).

But a speculative assertion that it is "possible" that the alleged assault occurred in New York City is insufficient to meet the applicable pleading standard. A plaintiff must allege facts showing that liability is plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the "[f]actual allegations" in a complaint "must be enough to raise a right to relief above the speculative level"); *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022) (Under *Twombly* standard, a plaintiff "cannot use any hypothetical allegations to nudge his claims across the line from conceivable to plausible.") (internal quotation marks omitted); *Glob. Enter. Grp. Holding, S.A. v. Ottimo*, 2010 WL 11629556, at *7 n.11 (E.D.N.Y. June 8, 2010) ("A mere possibility of something is insufficient to meet the 12(b)(6) standard under *Twombly* and *Iqbal*.").

Because Plaintiff has not plausibly alleged that she was injured in New York City, she has therefore failed to state a cognizable claim under the GMVL. *See, e.g., Doe v. Rees*, 2025 WL 641467, at *2 n.4 (N.D.N.Y. Feb. 27, 2025) (GMVL claim "incognizable" in absence of "conduct that occurred in New York City").

Furthermore, even if Plaintiff purported to assert with some certainty that her alleged assault occurred in the outer boroughs (she does not), she should still not be permitted to contradict her allegation that the assault occurred in "Manhattan" solely for the purposes of reverse-engineering a viable claim. *See, e.g., Wallace v. N.Y.C. Dep't of Corr.*, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (holding plaintiff to allegations "set forth in his original complaint" where "[t]he plaintiff blatantly change[d] his statement of the facts in order to respond to the defendants' motion to dismiss"). Nor could any amendment to this allegation be made through an opposition brief. *See, e.g., Quirk v. Katz*, 2022 WL 4226124, at *7 (S.D.N.Y. Sept. 13, 2022) ("It is axiomatic that a plaintiff cannot amend his complaint through briefing in opposition to a motion to dismiss.") (quotation omitted).

Plaintiff's contention that she should be permitted to conduct discovery is meritless. Opp.

3

At 5. This argument stands the law on its head, incorrectly assuming that a plaintiff is entitled to initiate a lawsuit in the hopes that she might, through discovery, identify a basis for a claim rather than having any basis to bring the claim in the first place. "[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); *see also Greer v. Fox Corp.*, 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022) ("A plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage."); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 591-92 (S.D.N.Y. 2006) ("To the extent that [plaintiff] is arguing that additional discovery would allow him to amend his complaint to state a viable claim, the Court is similarly unpersuaded . . . discovery is not intended to be a fishing expedition.") (internal quotation marks omitted).

## II. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. The Opposition barely even attempts to address this point. Plaintiff does not attempt to refute that the Complaint lacks any allegation that the Company Defendants facilitated, or even knew of, the alleged assault. *See* MOL at 8-9. Nor does Plaintiff deny that the Complaint lumps all of the Company Defendants together without pleading any specific acts attributable to specific defendants. *See* MOL at 7.

Plaintiff offers in response the conclusory statement that Mr. Combs "used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault." Opp. at 6. This argument fails because the Complaint does not allege any concrete

4

facts indicating that any Company Defendant was involved in any way in the alleged assault. *See Twombly,* 550 U.S. 544 at 555 ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *DiPizio v. Empire State Dev. Corp.*, 745 Fed. App'x 385 (2d Cir. 2018) (granting 12(b)(6) motion after "[s]tripping away the complaint's 'conclusory statements'—none of which are entitled to an assumption of truth") (quoting *Ashcroft*, 556 U.S. at 678 (2009)).

Plaintiff also incorrectly suggests that the Company Defendants could be liable for negligent hiring or supervision. *See* Opp. at 6-7. But negligence is not a basis for holding a company liable under the GMVL, which requires active involvement by a party that "commits, directs, enables, participates in, or conspires in" the underlying crime of violence. N.Y.C. Admin. Code § 10-1104; *O'Rear v. Diaz*, 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against employer based on employee's alleged rape of another employee at the office following a company event because the employer did not have "foreknowledge of the crime" and "did not facilitate it"); *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023, Dkt. # 127 at 4 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025) (rejecting allegation that entity defendant "enabled" a GMVL violation through its role in installing alleged assailant in a supervisory position).[2] Moreover, even if negligence sufficed (it does not), no facts have been pled that support such a finding: the alleged sexual assault of a non-employee off-premises was neither foreseeable nor preventable by the Company Defendants. *See* MOL at 9-10.

---

[2] This case was previously attached as Cuccaro Decl., Ex. J, Dkt. #56.

## CONCLUSION

The Combs Defendants respectfully request that the Court issue an order dismissing the First Amended Complaint against them in its entirety with prejudice.

Dated: May 30, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 1,601 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: May 30, 2025
       New York, New York

                                        Respectfully submitted,

                                        SHER TREMONTE LLP

                                By:     /s/ Mark Cuccaro