UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------X
SHANTE KELLY,                                          :
                                    Plaintiff,         :
                                                       :
              -against-                                :
                                                       :        24-CV-8024 (VEC)
SEAN COMBS, DADDY'S HOUSE                               :
RECORDINGS INC., CE OPCO, LLC d/b/a                     :        OPINION & ORDER
COMBS GLOBAL f/k/a COMBS ENTERPRISES                   :
LLC, BAD BOY ENTERTAINMENT                             :
HOLDINGS, INC., BAD BOY PRODUCTIONS                    :
HOLDINGS, INC., BAD BOY BOOKS                          :
HOLDINGS, INC., BAD BOY                                :
ENTERTAINMENT LLC, BAD BOY                             :
PRODUCTIONS LLC, ORGANIZATIONAL                        :
DOES 1-10, AND INDIVIDUAL DOES 1-10,                   :
                                                       :
                                                       :
                                    Defendants.        :
-------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Shante Kelly alleges that Defendant Sean Combs drugged and raped her at a party in New York City. She brought a claim pursuant to New York City's Victims of Gender-Motivated Violence Protection Act (the "GMVPA"), N.Y.C. Admin. Code §§ 10–1104, against Combs and various business that he owns. Defendants moved to dismiss. *See* Mot. to Dismiss (the "Motion" or "Mot."), Dkt. 55. The Motion is GRANTED.

## BACKGROUND[1]

Defendant Sean Combs is a musician, record executive, and business owner. Am. Compl., Dkt. 71 ¶¶ 2–3.[2] In December 2022, Plaintiff, an independent musician, was invited to a

---

[1]    For purposes of deciding this Motion, the Court assumes the truth of the well-pled factual allegations in the Amended Complaint. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

[2]    Defendants filed this Motion in response to the original Complaint, which Plaintiff filed anonymously. *See* Compl., Dkt. 1. After the Court denied Plaintiff's Motion for Leave to Appear Anonymously, *see* Dkt. 70, Plaintiff

party hosted by Combs in Manhattan. *Id.* ¶¶ 1, 35.  The party took place at a "large, white, elegant residence" that was "accessed by a long, curved driveway." *Id.* ¶ 37.

At the party, Plaintiff "noticed the widespread use of drugs, including cocaine, pills, and marijuana." *Id.* ¶ 39.  According to Plaintiff, unspecified individuals "employed and working in conspiracy with Combs pressured all guests to consume the drugs that were being provided and served by the house staff." *Id.*  Plaintiff declined. *Id.*

Later in the evening, Combs invited Plaintiff to his office to "discuss the advancement of her music career in private." *Id.* ¶ 42.  Once inside the office, Plaintiff "began feeling disoriented, as if she were slipping in and out of consciousness." *Id.* ¶ 43.  She realized that her drink had been drugged, and Combs proceeded to rape and sexually assault her. *Id.* ¶¶ 43–44.

Plaintiff filed this action, bringing a single claim pursuant to GMVPA. *Id.* ¶¶ 49–59.  She sued Combs and various businesses he owns:  Bad Boy Entertainment, Bad Boy Books Holdings, Inc., Bad Boy Entertainment, LLC, Bad Boy Productions, LLC, Daddy's House Recording Studio, Inc., and CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises LLC, Combs Enterprises and Combs Global (collectively, the "Corporate Defendants").  Defendants moved to dismiss. *See* Mot.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

filed an Amended Complaint that contained her name. *See* Am. Compl. Ex. 1 (redline depicting the differences between the two versions).  Because the two complaints are substantively identical, and none of the arguments raised in the parties' briefing on the instant Motion is affected by the fact that Plaintiff is no longer anonymous, the Court construes the instant Motion as a motion to dismiss the now-operative Amended Complaint. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) ("[W]hen faced with an amended complaint, [a district court] may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.").

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court draws all reasonable inferences in the light most favorable to the plaintiff, *see Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted), and "draw[s] on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679. The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

## II.    The Amended Complaint Fails to State a Claim Against the Corporate Defendants

The GMVPA permits "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender" to bring a civil action against such parties. N.Y.C. Admin. Code § 10-1104. The Amended Complaint does not allege that the Corporate Defendants engaged in any conduct whatsoever, let alone conduct related to gender-motivated violence. The sole portion of the Complaint that concerns misconduct by anyone other than Combs is Plaintiff's allegation that individuals "employed and working in conspiracy with Combs pressured all guests to consume the drugs that were being provided and served by the house staff." Am. Compl. ¶ 39. There are no facts alleged in the Amended Complaint from which the Court can plausibly infer that any of those individuals had a relationship with any of the Corporate Defendants. Even if the Court could plausibly infer that someone who was a server at the party was an employee of one of the Corporate Defendants, the allegation is too vague and conclusory to form the basis for corporate liability.

Accordingly, Plaintiff has not stated a claim pursuant to the GMVPA against any of the Corporate Defendants.

## III.    The Amended Complaint Fails to State a Claim Against Combs

The GMVPA, like all provisions of the New York Administrative Code, applies solely to conduct that occurs in New York City.  N.Y.C. Admin. Code § 2-201 (New York Administrative Code's "jurisdiction and powers" extend only to the five boroughs of New York City); *see also Bass v. World Wrestling Fed'n Ent., Inc.*, 129 F. Supp. 2d 491, 506 (E.D.N.Y. 2001) ("Both state and local law limits the Administrative Code's application to acts committed within New York City.").  Defendants argue that Plaintiff's allegation that the alleged assault occurred in Manhattan is implausible, and hence that she has failed to state a claim pursuant to the GMVPA, because (1) Combs has never owned a "large, white, elegant residence" in Manhattan that is "accessed by a long, curved driveway," Am. Compl. ¶ 37, (2) no residence matching that description exists anywhere in Manhattan, and (3) the description appears to apply to a residence that Combs owns in East Hampton, New York, not Manhattan.  Def. Mem., Dkt. 57 at 4–6.

The Court is skeptical that Defendants' fact-intensive arguments are appropriate to consider at this stage.  The Court need not address them, however, because Plaintiff's own lawyers appear to concede that they have not conducted a reasonable inquiry into whether the events alleged in the Amended Complaint actually occurred in New York City.  Specifically, in her Opposition to the Motion (the "Opposition" or "Opp."), Dkt. 69, Plaintiff represents:

> It may be the case that the assault did not occur "in Manhattan" as pleaded in the [Amended] Complaint.  It may be that Plaintiff's memory is unclear as to the appearance of the residence itself or as to the exact location of the residence.  Plaintiff, after all, was drugged and then forced to endure a tremendously traumatic experience, only to wake up the next day disoriented and made to find secondhand clothes and shoes with which to make her escape.  Defendants should not be allowed to use her potential disorientation or lapse in memory to have this case dismissed. . . .
>
> Moreover, it is of no moment that no residence of Plaintiff's description may exist within Manhattan itself, as Plaintiff pleads.  The [GMVPA] applied to all five of New York City's boroughs.  It is entirely possible that a house fitting

4

      Plaintiff's description exists within the five boroughs and was the scene of
Combs' party and assault of Plaintiff.

Opp. at 4–5.

      Plaintiff's admission is significant.  If Plaintiff's lawyers believe that their client may

have suffered from "disorientation or lapse in memory," *id.* at 4, they were required to conduct

some reasonable inquiry into her account of the facts before including the account in a complaint

filed in federal court.  *See* Fed. R. Civ. P. 11(b)(3).  Although attorneys "are entitled to rely on

the objectively reasonable representations of their clients" when drafting pleadings, *Jeffreys v.

Rossi*, 275 F. Supp. 2d 463, 480 (S.D.N.Y. 2003), *aff'd sub nom. Jeffreys v. City of New York*,

426 F.3d 549 (2d Cir. 2005) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329–30 (2d

Cir. 1995)), it was unreasonable for Plaintiff's lawyers to do so here, given their characterization

of their client's memory as possibly "unclear."[3]  Opp. at 4.  It is not sufficient to state a claim

under city law for counsel to aver that it is "possible" that the events at issue occurred in New

York City, *id.* at 5; the Court can only deny the Motion to Dismiss if it can find that Plaintiff's

claims are "plausible," not merely possible.  *Twombly*, 550 U.S. at 570.  It cannot make such a

finding when Plaintiff's own lawyers have represented that a material allegation in the Amended

Complaint was based solely on the recollection of an individual whose memory "may be"

unreliable.  Opp. at 4–5.

      Plaintiff further argues that "discovery is required to help ascertain the exact location of

Combs' assault on Plaintiff."  *Id.* at 5.  That would be contrary to the purpose of discovery,

---

[3]     Plaintiff's lawyer was being too cute by half when she wrote in response to the Motion to Dismiss, "It may
be that Plaintiff's memory is unclear as to the appearance of the residence itself or as to the exact location of the
residence."  Opp. at 4.  The attorney has access to her client and can (and should have) ascertained whether her
memory is unclear as to either the location of the party or the appearance of the house.  If her memory is unclear, the
attorney should have said so.  If her memory is clear that the party occurred in Manhattan in a large white house
accessed by a curved sidewalk, then her attorney should not have speculated in her Opposition that the party may
have occurred elsewhere in New York City.

which is "to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991). Although discovery may be used to test the veracity of allegations made "upon information on belief," Plaintiff did not qualify her allegations with such language. *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018). Even if she had, "[t]hose magic words will only make otherwise unsupported claims plausible when the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Id.* at 384–85 (internal quotation marks omitted). The location of an event that Plaintiff herself attended is neither a piece of information peculiarly within Defendants' possession nor an inference that can be drawn from known facts; rather, it is an objective statement that Plaintiff's attorneys could have attempted to corroborate in any number of ways before filing suit. As it stands, counsel appears entirely unsure whether the allegations in the Amended Complaint about the location of the party are accurate.

## CONCLUSION

In sum, the Amended Complaint lacks any allegations from which the Court can infer that the Corporate Defendants engaged in any misconduct. Additionally, Plaintiff's Opposition raises serious doubts about the reasonableness of counsel's inquiry into whether the events alleged in the Amended Complaint occurred in New York City — a fact necessary to state a claim pursuant to the GMVPA. Accordingly, Defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the open motion at Dkt. 55.

It is possible that Plaintiff may, upon further investigation, be able to allege additional facts to allow the Court plausibly to infer that (1) the Corporate Defendants are liable pursuant to the GMVPA and (2) the events alleged in the Amended Complaint occurred in New York City. The Court, therefore, grants Plaintiff leave to file a Second Amended Complaint. Any such

amended complaint must be filed not later than **Friday, November 21, 2025**, and must comply

with the Court's Local Rules and the Undersigned's Individual Practices in Civil Cases.

**SO ORDERED.**

**Date:  October 22, 2025**
      **New York, New York**

_____
        **VALERIE CAPRONI**
        **United States District Judge**