USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANTE KELLY, Plaintiff, -against- SEAN COMBS, Defendant. | 24-CV-8024 (VEC) MEMORANDUM OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 23, 2026, Sher Tremonte LLP ("Sher Tremonte" or the "Firm"), counsel for Defendant Sean Combs, filed a motion for leave to withdraw as counsel and for a retaining lien pursuant to Local Rule 1.4, *see* Dkt. 89;

WHEREAS Sher Tremonte alleges that (i) "Mr. Combs has not paid a substantial balance of attorney's fees, costs, and expenses," and (ii) "Sher Tremonte's representation has been rendered unreasonably difficult by Mr. Comb's lack of cooperation and communications, resulting in a breakdown in the attorney-client relationship," *see* Tremonte Decl., Dkt. 90 ¶ 3;

WHEREAS "Mr. Combs is in substantial arrears in paying Sher Tremonte's legal fees," "has not paid Sher Tremonte anything for over six months[,] and his last payment [was for] fees and expenses that were incurred in late 2025," *id.* ¶¶ 5–6;

WHEREAS Sher Tremonte asserts that "continued representation of Mr. Combs would necessarily result in an unreasonable financial burden on Sher Tremonte," *id.* ¶ 7;

WHEREAS Sher Tremonte also states that "there has been a total breakdown in cooperation and communication between Mr. Combs and [Sher Tremonte]," as "Mr. Combs has declined to make himself available for timely, substantive, and direct communications about his cases for over four months," *id.* ¶ 8;

WHEREAS "Mr. Combs has been notified on multiple occasions both by mail and through email to his power of attorney that Sher Tremonte would seek to withdraw as counsel unless Sher Tremonte's legal fees were paid and he made himself available for timely, substantive, and direct communications about this case," *id.* ¶ 12;

WHEREAS on September 23, 2026, Sher Tremonte's withdrawal motion was served upon counsel of record for all parties by filing on ECF and upon Defendant by delivering a copy by email to Defendant's power of attorney and by USPS Priority Mail to Defendant's mailing address at FCI Fort Dix, *see* Dkt. 91;

WHEREAS the Court has not received an opposition to Sher Tremonte's withdrawal motion;

WHEREAS the parties are in the early stages of discovery and the next pretrial conference is scheduled for February 5, 2027, *see* Dkt. 88;

IT IS HEREBY ORDERED that Sher Tremonte's motion to withdraw as counsel is GRANTED. Pursuant to Local Civil Rule 1.4, "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order." A court may grant such an order "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement." *Id.* When deciding whether to grant such a motion, the Court considers two factors: (i) "the reasons for withdrawal" and (ii) "the impact of the withdrawal on the timing of the proceeding." *Estate of Larry Shaw & Susan Shaw v. Marcus*, Nos. 14-CV-3849 (NSR), 14-CV-5653 (NSR), 2016 WL 4679734, at *1 (S.D.N.Y. Sept. 6, 2016).

Courts within this circuit have found "satisfactory reasons" to include "the client's failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *PWV Consultants*

*LLC v. Chebil Realty LLC*, No. 20-CV-9030 (LTS) (JW), 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022); *see also Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005). Similarly, "[i]t is well-settled that a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively.'" *United States v. Lawrence Aviation Indus.*, No. CV 06-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (quoting *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566 (2d Dep't 1991)).

Counsel's declaration in this matter indicates "that the attorney-client relationship has indeed broken down here sufficient to warrant granting the motion to withdraw," including due to, among other things, a complete lack of cooperation on Defendant's part. *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *2 (S.D.N.Y. Mar. 10, 2023); *see also, e.g.*, *Benvenisti v. City of N.Y.*, No. 04 Civ. 3166 (JGK) (RLE), 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) (granting motion to withdraw where "clear that attorney-client relationship ha[d] broken down"). Moreover, the Second Circuit has held that deliberately disregarding legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d. 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)); *see also, e.g.*, *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *1–2 (S.D.N.Y. Feb. 17, 2011); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005). Considered together, these circumstances are sufficient to justify Sher Tremonte's withdrawal from this matter.

The Court also agrees that Sher Tremonte's withdrawal at this juncture "will not have a material adverse effect on" Defendant's interests or unreasonably delay the progress of this case. Tremonte Decl. ¶ 9. There are currently no pending motions before the Court and discovery has only just begun. Furthermore, the Court expects that any discovery in this case will be narrow in scope and exceedingly discreet. Given that there are nearly four months until fact discovery is scheduled to conclude, *see* Dkt. 89 ¶ 4, Defendant has ample time to retain new counsel and otherwise get his affairs in order. Sher Tremonte's withdrawal will not prejudice Defendant's ability to defend this case.

For the foregoing reasons, the Clerk of Court is respectfully directed to TERMINATE (i) Erica A. Wollf, Esq., (ii) Mark E. Cuccaro, Esq., (iii) Raphael A. Friedman, Esq., and (iv) Michael Tremonte, Esq., of Sher Tremonte LLP, as Defendant's attorneys of record in this case.

IT IS FURTHER ORDERED that Counsel's request for the Court to affix a retaining lien is GRANTED. "New York cases recognize a distinct common law retaining lien that allows withdrawing counsel to retain pleadings and other documents in counsel's possession until counsel is paid for his or her work." *Allstate Ins. Co. v. Nandi*, 258 F.Supp.2d 309, 311 (S.D.N.Y. 2003) (internal quotation marks omitted). The decision to fix a retaining lien lies within the discretion of the district court. *Star Funding Inc. v. Vault Minerals, LLC*, No. 15 Civ. 3026 (GBD) (SN), 2017 WL 7790610, at *2 (S.D.N.Y. Aug. 31, 2017); *Katz v. Image Innovations Holdings, Inc.*, 6 Civ. 3707 (JGK), 2009 WL 1505174, at *2 (S.D.N.Y. May 27, 2009); *Pay Television of Greater N.Y., Inc. v. Sheridan*, 766 F.2d 92, 94 (2d Cir. 1985). In deciding, the Court considers whether counsel withdrew for cause and whether there are "exigent circumstances (such as papers essential to the defense of a criminal charge, or the client's indigency)" that warrant releasing the papers to the party. *Star Funding Inc.*, 2017 WL 7790610,

at *2 (quoting *Callaway Golf Co. v. Corp. Trade, Inc.*, 10 Civ. 1676 (GBD) (JCF), 2011 WL 2899192, at *4 (S.D.N.Y. July 6, 2011)).

"Counsel who is granted leave to withdraw by the court is not discharged for cause." *D'Addio v. Kerik*, No. 15-CV-5497 (JGK) (RLE), 2017 WL 2984018, at *2 (S.D.N.Y. June 6, 2017). For the reasons Sher Tremonte's withdrawal is warranted, counsel has satisfactorily demonstrated that it is entitled to a writ of retaining lien.

It is also within the Court's purview to "determine the amount of the retaining lien." *Ross v. Mitsui Fudosan, Inc.*, No. 97 Civ. 0975 (PKL), 1998 WL 556171, at *3 (S.D.N.Y. Sept. 1, 1998). Here, although Sher Tremonte is entitled to a retaining lien (the Firm's withdrawal is for good cause and there are no exigent circumstances), counsel "has not submitted documentation supporting the total amount that Defendant owes [Sher Tremonte]" nor otherwise "indicated . . . how much Defendant owes [the Firm]." *Lawrence v. Flohr*, No. 23-CV-09844 (SHS) (KHP), 2026 WL 1346435, at *2 (S.D.N.Y. May 13, 2026) (slip op.) (emphases omitted). Sher Tremonte "may submit the total [it] is owed and supporting evidence when [it] seeks to fix the amount of the retaining lien." *Id.* The amount of the retaining lien shall be fixed if and when Sher Tremonte submits evidence sufficient to demonstrate its entitlement to the sum sought. *See Star Funding Inc.*, 2017 WL 7790610, at *2 ("[I]f and when [counsel] seeks to fix the amount of the retaining lien, [it] may submit evidence sufficient to the Court to demonstrate his entitlement to that sum, including invoices and contemporaneous billing records.").

IT IS FURTHER ORDERED that Sher Tremonte must serve this Order upon Defendant by delivering a copy by email to Defendant's power of attorney and by USPS Priority Mail to Defendant's mailing address at FCI Fort Dix, and to file proof of service on the docket.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 89.

**SO ORDERED.**

**Date: October 13, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**